**Slip Op. 00-117**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: RICHARD W. GOLDBERG, JUDGE**

|  |  |
|---|---|
| ASOCIACION DE PRODUCTORES DE SALMON Y TRUCHA DE CHILE AG,<br><br>     Plaintiff,<br><br>     v.<br><br>UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>     Defendant,<br><br>COALITION FOR FAIR ATLANTIC SALMON TRADE,<br><br>     Defendant-Intervenor. | Court No. 98-09-02759 |

Arnold & Porter, (Michael T. Shor and Kevin T. Traskos) for plaintiff Asociacion de Productores de Salmon y Trucha de Chile AG.

Lyn M. Schlitt, General Counsel, Office of the General Counsel, U.S. International Trade Commission; James A. Toupin, Deputy General Counsel, Office of the General Counsel, U.S. International Trade Commission; Tina Potuto, Attorney, Office of the General Counsel, U.S. International Trade Commission, for defendant.

Collier, Shannon, Rill & Scott, PLLC, (Michael J. Coursey, Kathleen W. Cannon, and John M. Herrman) for defendant-intervenor Coalition for Fair Atlantic Salmon Trade.

## ORDER

In the original remand order the Court instructed the United States International Trade Commission ("Commission") to "verify the accuracy of its foreign production, shipments and capacity data" and to "take any action necessary after reexamining the foreign production, shipments and capacity data." See Asociacion de Productores de Salmon y Trucha de Chile AG v. United States International Trade Commission et al., Court No. 98-09-02759, Slip Op. 99-58 (July 2, 1999) ("Remand Order").

After finding that the Commission did not comply with the Remand Order the Court issued Asociacion de Productores de Salmon y Trucha de Chile AG v. United States International Trade Commission et al., Court No. 98-09-02759, Slip Op. 00-87 (July 27, 2000) ("Second Remand Order") directing the Commission to "either (1) adjust the 1998 production data for the consolidated subject producers or (2) justify the determination that the 1998 production data is, as is, the best information available to it."

In response to the Second Remand Order, on August 28, 2000, the Commission filed The Commission's Determination on Remand ("Second Remand Determination"). In the Second Remand Determination the Commissioner found, among other things, "that information necessary to my determination is not available on the record, and the unadjusted [1998 production] data are the facts otherwise available for me to reach my determination. 19 U.S.C. § 1677e(a)." See Second Remand Determination, at 9 n.27.

The Commission, however, fails to explain how its Second Remand Determination complies with the statutory requirements for adopting facts otherwise available. See 19 U.S.C. §§ 1677e,

1677m (1994).  Specifically, section 1677e(a) states:

> (a) In general
> If-
> > (1) necessary information is not available on the record, or
> > (2) an interested party or any other person-
> > > (A) withholds information that has been requested by the administering authority or the Commission under this subtitle,
> > > (B) fails to provide such information by the deadlines for submission of the information or in the form and manner requested, subject to subsections (c)(1) and (e) of section 1677m of this title,
> > > (C) significantly impedes a proceeding under this subtitle, or
> > > (D) provides such information but the information cannot be verified as provided in section 1677m(i) of this title,
>
> the administrating authority and the Commission shall, subject to section 1677m(d) of this title, use the facts otherwise available in reaching the applicable determination under this subtitle.

19 U.S.C. 1677e(a)(1994).  Section 1677m(d) states:

> (d) Deficient submissions
> If the administrating authority or the Commission determines that a response to a request for information under this subtitle does not comply with the request, the administrating authority or the Commission (as the case may be) shall promptly inform the person submitting the response of the nature of the deficiency and shall, to the extent practicable, provide that person with an opportunity to remedy or explain the deficiency in light of the time limits established for the completion of investigations or reviews under this subtitle.  If that person submits further information in response to such deficiency and either –
> > (1) the administrating authority or the Commission (as the case may be) finds that such response is not satisfactory, or
> > (2) such response is not submitted within the applicable time limits,
> then the administrating authority or the Commission (as the case may be) may, subject to subsection (e) of this section, disregard all or part of the original and subsequent responses.

19 U.S.C. 1677m(d)(1994)(emphasis added).

The Court thus remands to the Commission for an explanation

of how the Commission's decision to refuse to adjust the 1998

production data, and thus use facts otherwise available, complies

with the specific statutory requirements.  The Court remands to

the Commission with the hope that the Commission's explanation

will be responsive, and limited, to the Court's specific

instructions.  Thus, it is hereby

**ORDERED** that the Commission's determination, Second Remand
Determination, is remanded in conformance with this order;

**ORDERED** that Commission shall, within fifteen (15) days of
the date of this Order, issue a remand determination.

**ORDERED** that the parties may, within ten (10) days of the
date on which the Commission issues its remand determination,
submit memoranda addressing the Commission's remand
determination, not to exceed five (5) pages in length; and it is
further

**ORDERED** that the Commission may, within ten (10) days of the
date on which memoranda addressing the Commission's remand
determination are filed, submit a response memorandum, not to
exceed five (5) pages in length.

_____

Dated:     September 8, 2000          Richard W. Goldberg
           New York, New York              JUDGE